v. Reginald Hyde and John Reynolds. Mr. Brodsky, Richard Brodsky, is here for the appellate. Jeffrey Molinaro is here for the appellees. And, Mr. Brodsky, you may begin. Thank you, Your Honor. May it please the Court, I'm Richard E. Brodsky. I am counsel for the appellant George Irish, who was the defendant below. Mr. Irish was falsely accused of stealing over a million dollars of his partner's money and of conniving to have the LLC in which they and he had invested to treat their investment as his. Attorneys Alan Joseph and Francis Masabke, and the firm that they were both with after this case was filed, clearly should have been sanctioned for bringing and maintaining a frivolous lawsuit. Before Mr. Joseph filed the case, he knew or had to know from documents in his possession that the basic allegations he was to make, the misappropriation and the lack of documentation of the plaintiff's ownership interests, were false. Counsel, if this is Judge Sipar, if that's the case, why did it take three years for you to seek sanctions? I mean, the district court pointed that in its order, and it has a lot of logic to it. If they knew at the time they filed, you clearly would have known. And why wait three years? It seems to me, then, you would have immediately notified them. In fact, that is what happened when one of the defendants, the co-defendant, the attorney for the developer, filed the Rule 11 motion relatively quickly. And the then magistrate judge, Turnoff, denied the motion as being untimely, saying that, at the very least, they should wait until the motion to dismiss was decided. At the very least, at the minimum, in his words. So that was a signal to my predecessor, Counsel, that the magistrate judge, to whom the parties had consented to the delegation of such motions for a final determination, would look askance, as he had, to an early filing of a Rule 11. Secondly, I can speak only to July 2014 on, because that's when I replaced the original counsel. No discovery had been taken, and I had the problem of having had the district court decide that one piece of evidence that was an important piece of evidence did not establish that, conclusively, that money wasn't diverted from the investor's pile of money to my client, Mr. Irish. It suggested it. This was the Exhibit 1 to the complaint, which was the developer's attorney's trust account ledger. It certainly suggested that Mr. Irish didn't get any of the money, because it showed the money going to other people. But as the district court held in what used to be called an electronic order, it was not issued as a traditional paper order. It held that that document did not conclusively show that money didn't go to Irish, even though it showed that money didn't go directly to Irish, because the payments were made to either the developer or its banks. Go ahead, sir. I'm sorry to interrupt you. This is Judge Lepar again. Can I ask you one follow-up? You admit that didn't conclusively show, which the district court found, but once you notified them of that, they withdrew paragraphs 29 and 30, which are the paragraphs you're complaining about. Why isn't that evidence that they weren't acting subjectively in bad faith? Well, first of all, the test is not subjectively. It's objectively. I'm sorry to interrupt you again, and I'll stop. That's your job. Hasn't the Eleventh Circuit found that it's both objective and subjective? That's the way I read the cases. Well, I'm not distinguishing for the purposes of this argument whether or not it's subjective or objective, because my belief is that the record shows clearly that objectively and subjectively, subjectively in the sense of at least recklessness plus frivolousness, which is what the Eleventh Circuit has held satisfies the requirement, recklessness plus frivolousness or simple bad faith, which is itself essentially the same standard. That's what we think occurred here, and so therefore we're not going to get involved in the debate. We don't have to get involved in the debate as to whether 1927 and an inherent authority have different standards. We'll agree to the higher standard, and we need it. Now, in answer to the question of whether or not they dismissed 29 and 30, they didn't do it at the beginning. They brought the case. They didn't do it when their first client, Mr. Reynolds, was deposed in June of 2013. Instead, they sat there and watched Mr. Reynolds disavow the two main allegations. So rather than their—they finally did it after we sent a safe harbor motion under Rule 11 at the close of discovery, and they told the court, and one of the errors that the magistrate judge here committed is frankly the same exact error that he committed in the Peer case, in which he accepted, without looking into the background, that their statement, their bold statement, that they got rid of those allegations because of things they learned in discovery. Now, the first time they learned it was June—at the latest, the first time they learned it was in June of 2013. Now, mind you, we say, and the evidence establishes, and the appellees have not contested, that the documents in their hands besides Exhibit 1 to the complaint, specifically the general ledger of the developer, showed that no money was diverted to Irish. Their entire argument on that point is to have a one-sentence saying, the same goes for the GL, as they had argued about Exhibit 1, but with no discussion, which is an insufficient argument. So, the fact that after we sent them a Rule 11 safe harbor motion, they ditched Exhibits, paragraphs 29 and 30, gives it the least neutral, with respect to good faith, and if you look behind it, as the magistrate judge in this case, who was, as I said, the same magistrate judge who was reversed in Peer by this court, didn't look behind it to say, well, let's test whether or not these lawyers acted in good faith. So, I would turn around and ask the question, if they learned about it on June 4, 2013, what took them so long? We had a sick, very sick client, for whom there were stays, as a stay issued by the district court, with the support of the plaintiffs, the people the appellee lawyers represented. There was a change of counsel. There was a finding of the magistrate judge granted my motion to compel in order to show cause why the lawyer shouldn't be disciplined and the party shouldn't be disciplined for a lack of discovery. So, the whole idea that we were foot-dragged, my client, who was bed-bound and ordered by his doctor, this is all in the record, not to travel and not to submit the deposition, are accused in their brief of gamesmanship, internal delay, and all that kind of stuff, which, sadly, they know from their own participation in the case, that was simply not fair. This man was very sick with a very debilitating neurological disease called Guillain-Barre, and he came to depositions when he did show up in a wheelchair, had this break every little while. So, that issue is just not there. So, if I've properly answered your question, I would like to move on. And if not, I thank you. Two minutes, counsel. Thank you. You're welcome. Thank you. Okay. There is an issue of, first of all, what the other side has not done is deal with the question on delay, I should say, of the fact that the appellate court, this court, in Gordon, a case that they haven't even responded to, they haven't even mentioned, specifically states that a sanctions motion can be brought after judgment is entered. What Your Honor's question, and frankly, what the district court's decision would require, is after a magistrate judge has said, you're going too early with your Rule 11 motion, on the basis that the complaint itself did not, the exhibit did not adequately prove the negative, which is Irish didn't get any money. I'm supposed to. Sorry to interrupt. Can't a district court consider the delay? Are you arguing it's an abuse of discretion to consider the delay? And if he considers the delay, or she considers the delay, along with the other factors, it seems perfectly reasonable to look at the delay to see if there's harm by the allegations. I'm not sure I understand what you mean by harm by the allegations. I apologize. So as soon as you, if it was me in the district court's position, I look at the delay, then I look at the fact that when you notified them, they immediately removed the paragraphs as factoring into my determination of good or bad faith. And it seems to me that's what the district court did. Well, the district court ignored, first of all, as unfortunately the same judge did in the Peer case, the district court didn't look behind the, quote, immediate removal of those paragraphs. As I said, it wasn't an immediate removal. The first lawyers brought the same exact argument in 2012 or early 2013. Your time has expired. Including my rebuttal? Yes. Well, no, you've reserved some time for rebuttal. Yes, I have. Okay. Okay. May I have some time on rebuttal? Yes. How much time has Mr. Brodsky reserved for rebuttal? Three minutes. Okay. You have three minutes. Do you want to take that time now or do you want to reserve it for rebuttal? I would like to reserve it unless there's further questions. Guy, this is Doug Marcus. I'm confused about timing, and maybe you can help me. Is it correct that there was an attempt by Iris to file a sanction motion at the outset of the case, which was denied by the court as being premature? It's correct, except it was filed by a co-defendant, Mr. Koenig, and his law firm. That motion, the appellee's agree, is substantially similar to what Mr. Iris eventually filed in the motion that's at issue here. Did Iris join in that motion? He did not. Okay. I don't know why not, because I wasn't his lawyer at the time. No, I understand that you were not on the case at the time, so there was a motion raising essentially the same point by the other party, and that was denied by the court as being premature. Correct. And then you filed your motion for sanctions some years later, correct? That's correct. I think maybe 16 to 18 months. I don't have the exact date. I can look it up if Your Honor wants me to. You've answered my question. Thank you, counsel. Thank you. And, Mr. Brodsky, you'll have your full three minutes on rebuttal. I appreciate it. Thank you. Okay. And we'll hear now from Mr. Molinaro on behalf of Hyde. Your Honor, just to clarify, may it please the Court, Jeffrey Molinaro, we're on behalf of the law firm First Edelman David and Joseph and the attorney Alan A. Joseph. Mr. Hyde didn't file a brief in this case, and we don't represent Mr. Hyde or Mr. Reynolds. We represent the law firm. However, in any event, I want to point out a couple of inaccuracies up front before I move into my argument regarding jurisdiction. To Judge Thamar's question, this circuit has been clear. There is a subjective bad faith standard with regard to inherent intent, and then there's an objective reasonableness standard, which is conduct patamount to bad faith for 1927. With regard to the appellant's comments and the purported evidence regarding Mr. Hyde and Mr. Reynolds' assertions in their deposition that disavowed misappropriation claims, I point out to the Court, Mr. Irish makes that representation at page 12 of his brief in two sentences. Doesn't give you a line number, doesn't give you a quote, and that's because it's inaccurate. Both Mr. Hyde at tab 203-2, which is page 151 of Irish's volume 1 appendix, transcript page 138, lines 18 through 25, Mr. Hyde was asked the following, What do you mean by money wired into Feldman Koenig was transferred to Irish? Answer, the monies we invested into the project were put into George Irish's name, and to this day, there is no entity. There is no anything other than the fact that George Irish received all the interest, and to this day, has equity in MM70 that we don't have. Mr. Hyde was directly asked about misappropriation, and he stated that he believed Mr. Irish misappropriated funds. Mr. Reynolds was asked at tab 203-3, which is page 164 of Irish's volume 1, it's transcript page 94, lines 18 through 25, Mr. Reynolds was read paragraph 29, and then asked by counsel, Do you agree with that statement? And the answer was, our interest, I think, was improperly transferred to Irish. Put simply, the plaintiff's comments in their depositions, their sworn deposition testimony, does not constitute a disavowalment of any sort of misappropriation claim. But before we get there, your honors, there's an issue of jurisdiction. This court lacks jurisdiction to review the denial of sanctions in this case, because this case is different than Willey v. Coastal Corp. It's different than Freitag, or Freitas, excuse me, v. Marriott, which was cited in the supplemental filing. It's even different than the cases that Freitas cites and those cases cite. As this court's aware, the basis for purported sanctions here was that plaintiff's counsel filed and maintained a lawsuit based on allegations they knew or must have known were false. This requires the court to analyze the merits of the complaint and of the discovery and make a ruling that not only was it… It's even in Rule 11, which is what Willey was. Do you have any cases for the proposition that Willey doesn't extend to the inherent power or Section 1927? Judge, I would say this much. Willey's first paragraph, if we look at the last line of Willey's first paragraph, which is at 503 U.S. 132, they don't announce a universal rule. They announce, they ask the question, can the court answer a Rule 11 when it lacks subject matter jurisdiction? And they say, we conclude in the circumstances presented here that it may do so. It doesn't make a universal rule that every time there's a Rule 11, those circumstances were… I mean, I haven't found a case. Again, my question is, can you point me to a case that says Willey doesn't apply in the inherent power or Section 1927 section? Because every circuit that's looked at this that I saw has said it does. To your question, Your Honor, no. But what we're not saying, Your Honor, is that it doesn't apply in 1927. What we're saying is it doesn't apply when – it doesn't even apply in Rule 11 when the court is required to analyze the merits of the complaint. Do you have a case for that proposition? I don't have a case for that proposition, but I can tell you that every case that was cited here, the courts didn't address the merits. The Friedich case that was cited was a failure to file an answer. That case cites a case called Barlow v. Colgate-Palmolive, 772 F. 3rd, 1001, also out of the Fourth Circuit from 2014. That case didn't involve sanctions concerning the merits. It concerned an attorney's misrepresentations to the court in a motion for remand concerning his intent to pursue claims against nondiverse defendants. And Barlow cites Bryant v. Britt, 420 F. 3rd, 161, out of the Second Circuit, 2005. And again, sanctions did not concern the merits. The sanctions there involved whether the initial removal, which was subsequently remanded, was meritless in the first place. In all those cases, the court never had to – whether it's Rule 11, 1927, or the court's inherent authority – the court never had to look at the meat and potatoes, as I would say, of the contents of the complaint. The only way we can get to plaintiff's counsel conducted sanctionable conduct is for the court to say, well, your claims not only lacked merit, but your claims were false. And that's an evaluation of merits of a case that the court no longer has jurisdiction over. And where merits are extensively intertwined, I don't believe it can be said to be collateral. I think it becomes one and the same. And I ask the court, well, it's not the situation – This is Judge Wilson. All you really have when we look around the circuits is Judge Graves' dissent in the Fifth Circuit. But let me ask you this question. If we were to say – and this is an issue of first impression in the Eleventh Circuit. We can look at the other circuits, and their decisions are persuasive. They're not binding on us. But if we were to say that a court lacks the ability to award fees and costs if it lacks subject matter jurisdiction, wouldn't a plaintiff lacking subject matter jurisdiction be able to bring a frivolous hit-and-run claim without punishment? Well, Judge, I think there the issue becomes where are we on appeal? Here you have a unique procedural posture. Remember, there was jurisdiction. This wasn't a case where there was no subject matter jurisdiction and then there was a sanctions motion. There was jurisdiction for the sanctions motion. There was jurisdiction for the merits. Then, subsequently, when the merits were on appeal – Counsel, am I wrong, and I'm sorry to interrupt, but am I wrong in thinking there wasn't – ultimately, the Eleventh Circuit determined there wasn't diversity jurisdiction in the underlying case? Correct, correct. But that was all after the fact, which is why we said this is a unique claim here because you have a court, as Willie says, well, you can review when a court does something when it thinks it has jurisdiction. This case, the court had jurisdiction, which is why if the lower court did it and granted, you could review that. But I think regardless of whether there's jurisdiction in this case, even if there is jurisdiction, Your Honor, there's no abuse of discretion. Ultimately, we need a clear error of judgment. And really what the appellant is asking you to do is to substitute your judgment for a lower court's, but this court won't do that. This court has made clear, as Judge Marcus has made clear in Hudson v. International Computer Negotiations, we need more than lack of merit. And what the appellant is essentially arguing is your claims lacked merit. You didn't prove your claims at the end of discovery. Now, the court asked a question regarding the timing of sanctions motions. And it's accurate to say that other defendants brought in Rule 11 on the front end of this case. And it was denied without prejudice. It was denied without prejudice pending the motion to dismiss. But we have to look at what the motion to dismiss was filed said. That motion to dismiss raised the exact same argument. And the court at docket entry 69 denied the motion to dismiss and said that the trust account software printouts don't disprove the plaintiff's allegations. Simply because Mr. Iris' name isn't listed as an outgoing wire doesn't mean the funds weren't misappropriated. So they're relying on this argument that, well, we were prejudiced because the court said we filed too late. But the argument that they're bringing is the same argument that was rejected at the motion to dismiss. At that point, the plaintiff's counsel and the plaintiff's have a right to go to discovery. And, yes, defendant, lead defendant, Mr. Iris, was not available for 18 months. Yes, he was ill. And the parties worked together. I think the record reflects it. Not only the parties, but the court worked for 18 months to try and secure Mr. Iris' deposition. And ultimately when that occurred, that was December 24th of 2014. Discovery closed three days later. And within a month, the claims were pulled. As this court explained in Abingdon v. Hull, 932 F. 2nd, 1572, it's stated at page 1582, when it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest. Well, the only way to say that discovery didn't bear out what was claimed after we got past the motion to dismiss was to take Mr. Iris' depo. And that didn't get to occur for over 18 months. We know the documentation argument, whether it's the check register or the general ledger, both end up with the same argument. That just because Mr. Iris' name isn't shown as an outgoing wire doesn't mean it wasn't misappropriated. Otherwise, any fraud case could never get past motion to dismiss when there's a cook the books instance. We sued not only the defendant, but other defendants. And we sued for conspiracy to commit fraud, which was ultimately withdrawn. But Mr. Iris is relying on a co-defendant's record in a conspiracy to commit fraud case to say, see, there's no misappropriation here. That was rejected by the court. We know the testimony doesn't get there. And we know that the only thing that's relied upon for the argument about non-documentation is that there's knowledge that the investment is held all in one person's name, Mr. Iris' name. But that doesn't show an accountability of what the plaintiff's equity interests were in the entity. Mr. Iris cites an email between himself and the developer where Mr. Iris says, well, I'm going to have a separate agreement with plaintiffs. And there's never any evidence of that. So there's no evidence of fraud, or there's no evidence of a false claim. And there's certainly no evidence of Mr. Joseph's knowledge, because, quite frankly, Mr. Iris ignores the affidavit of Mr. Joseph, which explains multiple conversations with the plaintiff, personally meeting them multiple times, having them review the complaint before it was filed. If we're going to say that counsel is liable, counsel has to know. It has to be objectively unreasonable conduct. And this is true. The evidence argument is true regardless of the timing of when it was filed, even if it was properly filed. And even if the court, if we went so far as to say, well, the court held it against you for timing, it's harmless error, because you've got to have evidence. What the appellant is really asking this court to do, Your Honors, is to equate lack of evidence at the end of discovery with filing a false claim. Why isn't it evidence that you withdrew the paragraphs? Can you elaborate a little further? Evidence of? Yeah, when they notified you of it, you withdrew the paragraphs. Why isn't that objective evidence of bad faith? Well, I think, Your Honor, if it's objective evidence of bad faith that somebody withdraws a claim in front of a Rule 11 letter, then every time somebody withdraws a claim in front of a Rule 11 letter, it would be bad faith, and we'd have a 1927. Because there's a subjective component to Rule 11, right? So it's different. Well, certainly for the inherent authority, there's also a subjective component. But what about for 1927? There's an objective bad faith, but if you don't get to objective bad faith, if I don't think you'd get to subjective bad faith, if the reasonable person wouldn't consider it bad faith, I think you'd still end up in the same spot, because if we're saying the mere withdrawal is objective evidence of bad faith, then any time somebody withdraws an allegation in front of Rule 11, you're subjecting them to sanctions under 1927. And what we're doing then is we're kind of defeating the purpose of the safe harbor period of Rule 11. Counsel time is expired. Counsel time is expired. Thank you. Your Honors, for the reasons we've argued and the reasons in our brief, we ask that the Court affirm the decision of the lower court. Thank you. All right. Thank you, Mr. Molinaro. And, Mr. Brodsky, you have reserved some time for rebuttal for first. Yes, sir. Thank you very much. Number one, the counsel has elliptically reviewed the depositions of his clients that we referred to. I want to refer to appendix tab number 203-2, which is Hyde's deposition, and I want to refer specifically to pages 139, line 12, to 140, line 4, where in substance he says, what did you mean by George Irish money wired into Feldman Cainey was transferred to Irish? And he says, well, I understand it that he claimed credit for the investment. And then he says, so you don't know. And then I said, question, so you don't know. In fact, you said earlier you didn't know of any information, either your own knowledge or hearsay, that George actually received any of the money. Isn't that accurate? Answer, I don't know if he received any money. And then on page 141, he said, after a long colloquy, he said, so as I sit here today, I got a goose egg. I am not sure where the money went. In 203-3, which is Reynolds' deposition, at page 113, 114 of the transcript, a similar statement is made. He said at the bottom of 113, line 22, I believe we're on paragraph 29 of the complaint. I was focusing on the allegation, which is the last phrase here, the money wired into Feldman Cainey was improperly transferred to Irish. We've established that your position is that it was the investment interest that was improperly transferred as opposed to the funds. Do I have that correct answer? Yes. As to the issue, by the way, of Hyde and Reynolds' deposition, that argument should be avoided or should be ignored by the court in any event because it was never raised in the answer brief. We raised it in the corrected initial brief, and that was not answered. It's too late to raise it in the oral argument. The other point I want to make is that the arguments made that the exact same argument was raised in the defeated Rule 11 Cainey motion, and the answer is it wasn't. It wasn't the exact same argument because the motion to Rule 11 was focused just on Complaint Exhibit 1, the trust account ledger, but the sanctions motion included the general ledger, which listed hundreds of millions of dollars in expenditures. Time has expired. Can I just add one sentence with the permission of the court? Yes, you may. Mr. Irish's deposition was taken, among other times, in July 2014. It's in the record, and that corrects an error. I appreciate the court's time and attention. All right. Thank you. Well, thank you, Mr. Brodsky and Mr. Molinaro. Thank you for your arguments this morning and also for your cooperation in scheduling these arguments by telephone conference. And that concludes the docket this morning, and the court will be in recess until 9 o'clock tomorrow morning.